UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephen Walter Solors,

       Plaintiff,

v.                                                    Civil No. 08-5923 (JNE/RLE)
                                                  ORDER

Jim Warta, Jim Chamberlin,
Keith Pohl, Gregory Verkuilen,
Julie Olson, Lisa Woog,
Aaron Patrick, Keith Haggestad,
Donald F. Ryan, John J. Sausen,
Rockwell J. Wells, Tim Pickar,
Lori Swanson, and Lyman Whitney,

       Defendants.

      This case is before the Court on a Report and Recommendation issued by the Honorable Raymond L. Erickson, Chief United States Magistrate Judge, on March 19, 2009.  The magistrate judge recommended that the Motion to Dismiss of Lyman Whitney, Keith Pohl, Keith Haggestad, Donald F. Ryan, Rockwell J. Wells, Aaron Patrick, Tim Pickar, and John J. Sausen (collectively, County Defendants) be granted and that the Motion to Dismiss of Lisa Woog, Julie Olson, Lori Swanson, Jim Chamberlin, and Gregory Verkuilen (collectively, State Defendants) be granted.

      Plaintiff claims violations of his rights under the Fourth, Fifth, and Tenth Amendments to the U.S. Constitution based on Defendants' alleged interference with the construction of a roadway and building on Plaintiff's land.  The magistrate judge recommended that the Court abstain from exercising jurisdiction over Plaintiff's claims insofar as they arise from his state misdemeanor conviction and two pending county misdemeanor citations (collectively, the underlying state court criminal proceedings) under the principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and that the Court dismiss Plaintiff's claims insofar as they arise from an administrative proceeding before the Minnesota Pollution Control Agency (PCA proceeding) for failure to state a claim upon

1

which relief may be granted. The magistrate judge also recommended that Plaintiff's motion in opposition to the State and County Defendants' Motions to Dismiss be denied as moot.[1]

Plaintiff objected to the Report and Recommendation. The State and County Defendants electronically filed letters advising the Court that they do not intend to respond to Plaintiff's objections. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court adopts the Report and Recommendation. Therefore, IT IS ORDERED THAT:

1. The State Defendants' Motion to Dismiss [Docket No. 2] is GRANTED.

2. The County Defendants' Motion to Dismiss [Docket No. 6] is GRANTED.

3. Plaintiff's Motion in Opposition [Docket No. 14] is DENIED AS MOOT.

4. Plaintiff's claims against the State and County Defendants are DISMISSED WITHOUT PREJUDICE insofar as they arise from the underlying state court criminal proceedings.

5. Plaintiff's claims against the State and County Defendants are DISMISSED WITH PREJUDICE insofar as they arise from the PCA proceeding.

6. Plaintiff's claims against Warta are DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 14, 2009

                                              s/ Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge

---

[1] Jim Warta did not move to dismiss Plaintiff's Complaint or appear at the hearing on the State and County Defendants' motions. Plaintiff's Complaint alleges that Warta is a neighboring property owner who asked Plaintiff if he had the proper permits to construct a road on his property, but does not allege that Warta is a governmental actor. The Court dismisses Plaintiff's Complaint insofar as it alleges claims against Warta because Plaintiff may not maintain constitutional claims against Warta, a private actor. *See Steele v. City of Bemidji*, 257 F.3d 902, 905 (8th Cir. 2001) ("[W]e agree with the District Court that [plaintiff] cannot maintain an action against the non-government defendants under [section] 1983."); *Tatum v. State of Iowa*, 822 F.2d 808, 810 (8th Cir. 1987) ("[A] district court may sua sponte dismiss a complaint for failure to state a claim.").