UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephen Walter Solors,

       Plaintiff,

v.                                                                                          Civil No. 08-5923 (JNE/RLE)
                                                                                            ORDER

Jim Warta, Jim Chamberlin,
Keith Pohl, Gregory Verkuilen,
Julie Olson, Lisa Woog,
Aaron Patrick, Keith Haggestad,
Donald F. Ryan, John J. Sausen,
Rockwell J. Wells, Tim Pickar,
Lori Swanson, and Lyman Whitney,

       Defendants.

The case is before the Court on Plaintiff's motions for default judgment against all Defendants. Plaintiff filed suit on November 6, 2008, claiming violations of his rights under the Fourth, Fifth, and Tenth Amendments to the U.S. Constitution based on Defendants' alleged interference with the construction of a roadway and building on Plaintiff's land. Lyman Whitney, Keith Pohl, Keith Haggestad, Donald F. Ryan, Rockwell J. Wells, Aaron Patrick, Tim Pickar, and John J. Sausen (collectively, County Defendants) moved to dismiss on November 26, 2008, as did Lisa Woog, Julie Olson, Lori Swanson, Jim Chamberlin, and Gregory Verkuilen (collectively, State Defendants). Jim Warta answered on December 1, 2008. On April 14, 2009, the Court dismissed Plaintiff's claims against Warta and granted the State and County Defendants' motions to dismiss. Judgment was entered against Plaintiff on the same day.

On April 15, 2009, Plaintiff moved for default judgment on the ground that Defendants did not file an answer within 20 days of service of the Summons and Complaint.[1] Plaintiff filed returns

---

[1] The Clerk of Court mailed copies of the April 14 Order and Judgment to Plaintiff on April 14, 2009. Plaintiff's motions for default, received by the Clerk of Court on April 15, 2009, were

of service indicating that service of the Summons and Complaint was made on Wells, Sausen, Haggestad, Patrick, Pohl, Ryan, Woog, and Chamberlin on November 7, 2008; on Warta on November 10, 2008; on Whitney, Pickar, and Verkuilen on November 11, 2008; and on Swanson and Olson on December 15, 2008. Warta did not default because he answered within 20 days of service. *See* Fed. R. Civ. P. 6(a), 12(a)(1)(A)(i), 55(a). Moreover, the State and County Defendants were entitled to file a motion to dismiss instead of an answer within 20 days of service, *see* Fed. R. Civ. P. 12, 55(a), and did not default because the Court granted their timely-filed motions to dismiss, *see Stegeman v. Georgia*, 290 F. App'x 320, 323-24 (11th Cir. 2008) ("The [state defendants] . . . filed a responsive pleading in the form of a pre-answer motion to dismiss. Because the district court granted the state defendants' motion to dismiss, they were not required to file an answer and were not in default." (citations omitted)). Accordingly, the Court denies Plaintiff's motions for default judgment.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.    Plaintiff's motions for default judgment [Docket Nos. 27-40] are DENIED.

Dated: April 29, 2009

s/ Joan N. Ericksen<br>JOAN N. ERICKSEN<br>United States District Judge

---

untimely filed after the entry of judgment. Nevertheless, the Court considers the motions because it appears that Plaintiff may not have received copies of the Order and Judgment before filing his motions.

2